HARRY JOHN MUNN DOREMUS, petitioner,

*v.*

GRACE CAROL FOSTER DOREMUS.

[Tried October 18th, 1917.   Decided November 9th, 1917.]

1. An attorney-at-law should not act as a private detective.

2. It is the privilege of the court to rely upon statements of members of the ·bar, and where the court must weigh such statements against contradictory evidence, such a condition is scandalous.

On petition for divorce.

*Mr. William E. Sandmeyer,* for the petitioner.

*Messrs. Clancy & Long,* for the defendant.

LANE, V. C.

This case was fully tried before me on October 18th, 1917. The suit is brought for divorce by a husband against a wife. The charge was that on a certain date she committed adultery with a certain man.   The petitioner has now applied for leave to dismiss his petition and has consented tö a decree dismissing it.   I had already reached the conclusion that the petition should be dismissed.   Notwithstanding the fact that the case seems to be disposed of, it would seem that there are certain features that attention should be called to.   The principal witness produced by the petitioner is a member of the bar of this state, an attorney and counselor-at-law.   Prior to the date hereinafter referred to, he represented the husband.   Although, nominally, he does not now; actually, he does.   He testified that on ·the 18th day of July, 1917, having been retained some time prior by the husband, he was asked to go to the house of the wife by a friend of the husband who had been delegated to watch the wife, or, rather, I should say, information was brought to him by this friend

of the husband that there was a man other than the husband in the apartment of the wife, and with this friend he went to the home of the wife and looked through an aperture in the door and saw the wife and the other man sitting together, nothing compromising; this about, I think, eleven-thirty in the evening; and that he and the friend of the husband, and I think two other friends of the husband, waited for an hour or so and then that all of the lights were extinguished, and he and the others went up to the wife's apartment, knocked on the door; that within two minutes after demanding entrance they received it; the wife was in dishabille; that prior to their entering they had heard a creaking of a bed, muffled voices, which indicated to their minds that an act of sexual intercourse was being committed. The wife denies that the man referred to was in her apartment, she denies the story told by this attorney, and either she or the attorney has been committing perjury.

I had the opportunity of seeing the wife on the stand; apparently she was telling a frank story. Before the application was made to dismiss the petition I was convinced that she was not guilty. The court condemns the conduct of this attorney in acting as a private detective. It is the duty of the bar, and every member of it, to maintain the ethical standard of the bar. It is the privilege of the court to rely upon statements of members of the bar. When members of the bar descend to a course of conduct which requires that they become witnesses in a case like this requiring the court to weigh their testimony against the testimony of others, a condition has been created which is simply scandalous. It is, of course, the duty of a member of the bar who has knowledge of facts of which no other has knowledge to testify as every other citizen must testify, but it is not the duty nor the privilege of a member of the bar to deliberately seek to acquire information in the manner in which information was sought to be acquired in this case and then appear in court and testify as a witness at the same time having a pecuniary interest in the outcome of the litigation.

On this subject generally, see *Garrett v. Garrett, 86 N. J. Eq.* 293.